ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General
of the State of New York,

       Plaintiffs,

   - against -

QUINCY BIOSCIENCE HOLDING COMPANY,
INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation d/b/a/
Sugar River Supplements;

QUINCY BIOSCIENCE MANUFACTURING,
LLC, a limited liability company;
and

MARK UNDERWOOD, individually and as
an officer of Quincy Bioscience
Holding Company, Inc., Quincy
Bioscience, LLC, and Prevagen, Inc.;

       Defendants.

17 Civ. 124 (LLS)
20 MC 0307 (LLS)

OPINION & ORDER

   The core scientific research about which the issues in this case revolve is the 2009 - 2011 Madison Memory Study, about which the discovery has been abundant. Its results were published on-line in 2011, and all unprivileged data underlying it was furnished to the FTC years ago.

   Now in issue are more recent opinions and advice given to Quincy by a non-party, non-testifying expert Quincy retained in 2016, when the bringing of this case became apparently

inevitable. Georgetown Economic Services ("GES") is what F.R.Civ.P. Rule 26(b)(4)(D) calls an Expert Employed Only for Trial Preparation. It is not a party, will not testify, and was retained only to consult confidentially with Quincy's counsel in preparation of the defense of this and other anticipated and pending litigation. GES independently analyzed the Madison Memory Study in a reappraisal a Quincy employee used in drafting a manuscript regarding the study (the Lerner Manuscript). Both the reappraisal and the Lerner Memorandum have long since been disclosed to the FTC.

The FTC claims that those disclosures by Quincy waived the protection Fed. Rules of Civil Proc. Rule 26(b)(4)(D) gives to the work of such an expert engaged in aiding the preparation for trial:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) [in connection with the report of a court-ordered physical or mental examination]; or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

The FTC contends that Quincy's disclosures of that material to it constituted an involuntary "subject matter waiver" and

that now the FTC is entitled, as a matter of fairness, to "all documents relating to GES's clinical study work for Defendants and, most critically, to all of the analyses GES performed on the Madison Memory Study." (FTC's May 22, 2020 brief in the District of Columbia, p. 8). That is intended to include all GES's communications of fact and opinion to Quincy on the subject from 2016 to date. The FTC argues that Quincy should not be allowed to pick and choose, to disclose only what favors it but to withhold what might be unfavorable; and that the "FTC is entitled to discovery of those documents as a matter of fairness to put the disclosed GES results in proper context." Id., p. 13.

Those familiar broad principles have considerable equitable appeal, and are frequently employed in managing discovery issues in the general run of cases. However, they are less useful in the special case, which is particularly addressed by Rule 26(b)(4)(D), of a non-witness expert hired by one side for the sole purpose of assisting with its trial preparation.

The subject matter of this litigation is the Madison Memory Study, and a waiver of protection with regard to that "subject matter" would include all or most of the case. There is no indication that when Quincy gave the FTC the data underlying the Study, it intended to later be required to disclose to the FTC

the facts or opinions of non-testimonial experts on the subject whom it consulted thereafter in preparing for trial.

The FTC has accurately described this case as a "straightforward, stand-alone law enforcement action brought by Plaintiffs, the FTC and the People of the State of New York, to challenge Defendants' conduct in connection with their marketing and sale of Prevagen for purported memory and other cognitive benefits." Id. p. 20. There are no exceptional circumstances shown to exempt this case from the Rule which exactly applies to it. The FTC has all the data underlying the study, the GES reappraisal and the Lerner Manuscript. It has had, and still has, ample time to gather experts' advice on the subject.

Rule 26(b)(4)(D) was enacted to support the values of attorney work-product, client confidences, and privacy of trial preparation.

There is no basis or need for an intrusion into those values and Quincy's preparation of facts and opinions in this case. The FTC can "obtain facts or opinions on the same subject by other means." (Rule 26(b)(4)(D)(ii)).

The objections made at the Lerner depositions on August 6 and 7 are sustained. The FTC's April 10, 2020 motion to compel production of documents identified in the Dec. 11, 2019 GES

subpoena is denied, and the subpoena is quashed.

So ordered.

Dated:  New York, New York
        September 9, 2020

                                                  */s/ Louis L. Stanton*
                                              LOUIS L. STANTON
                                                  U.S.D.J.